[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-14356

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee.

*versus*

JOSEPH STANLEY KIMBALL, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:18-cr-80079-WPD-1

_____

Before NEWSOM, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Joseph Kimball appeals the district court's denial of his compassionate relief motion under the First Step Act. We affirm.

In 2017, Kimball robbed a bank. He entered the bank, told the teller he had a bomb, and stole around $7,000 in cash. After he was caught and indicted, Kimball pleaded guilty to bank robbery and was sentenced to seventy months' imprisonment.

In 2020, Kimball moved for compassionate release because of the coronavirus pandemic. He argued that there were "extraordinary and compelling reasons" for his release because his medical conditions, including hypertension, high blood pressure, obesity, erosive esophagitis, chronic lower back pain, and high cholesterol, put him at an increased risk for complications if he contracted the coronavirus. Kimball also argued that he was not a danger to the community because his bank robbery was the result of his opioid addiction and he had since completed a drug treatment program and prepared a reentry plan. Finally, Kimball explained that his sister-in-law had terminal breast cancer, and he would be able to help her if he were released.

The district court denied Kimball's motion because (1) his medical condition was not extraordinary and compelling, and (2) the section 3553(a) factors weighed against an early release. The district court assumed that it had jurisdiction to grant compassionate release but found that it was "not prepared to say that

because of COVID[-]19 . . . everyone with medical problems or relatives with medical problems should be released." The district court also found that compassionate release wasn't warranted because "a sentence of less than [seventy] months would not promote respect for the law" and "would not act as a deterrent." This was so in Kimball's case because he had ten prior felony convictions and had violated his supervised release three times.

We review the district court's denial of the defendant's compassionate release motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion where it "commits a clear error of judgment," "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* at 911–12 (citations omitted). Abuse of discretion review "means that the district court had a 'range of choice' and that we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Id.* at 912.

A district court has no inherent authority to modify a defendant's sentence and may only do so when it is authorized by a statute or rule. *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). But "a district court may reduce a term of imprisonment if (1) the [section] 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and[] . . . (3) doing so wouldn't endanger any person or the community within the meaning of [the applicable policy statement issued by the Sentencing Commission]." *United States v. Tinker*, 14

4                          Opinion of the Court                    20-14356

F.4th 1234, 1235 (11th Cir. 2021) (discussing 18 U.S.C. § 3582(c)(1)(A)).

Kimball argues that the district court abused its discretion by "fail[ing] to provide a clear basis" for its decision and finding that the risks to his health were not extraordinary and compelling reasons for his compassionate release. We disagree.

First, the district court provided a clear basis for its decision. Although a district court "must explain its sentencing decisions adequately enough to allow for meaningful appellate review," it doesn't need to "articulate its findings and reasoning with great detail." *United States v. Cook*, 998 F.3d 1180, 1184–85 (11th Cir. 2021) (quotation marks omitted and alteration adopted). Here, the district court's order allows for meaningful review because it considered the section 3553(a) factors and the sentencing guideline policy statement. The district court explained that reducing Kimball's sentence would not "promote respect for the law" or "act as a deterrent." Kimball had served less than half of his sentence, had "ten prior felony convictions," and had "violated his supervision on three occasions," the district court reasoned. The district court thus set forth a reasoned basis for its decision.

Second, even if Kimball's health risks presented extraordinary and compelling reasons for his compassionate release, the district court found (and Kimball does not challenge) that the section

20-14356                Opinion of the Court                5

3553(a) factors weighed against his release.[1]  As the district court explained, Kimball had ten prior felony convictions and had violated his supervised release three times.  *See* 18 U.S.C. § 3553(a)(1) ("The court, in determining the particular sentence to be imposed, shall consider . . . the history and characteristics of the defendant."). And the district court found that early release "would not promote respect for the law" or "act as a deterrent."  *See id.* § 3553(a)(2)(A)–(B).  Because Kimball didn't challenge this part of the district court's order denying his compassionate release motion based on the section 3553(a) factors, "he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed."  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

        **AFFIRMED.**

---

[1] In reply, Kimball argues for the first time that the district court didn't rely on the section 3553(a) factors as a basis for denying his motion for compassionate release.  But "[o]ur longstanding case law rule is that an appellant who does not raise an issue in his opening brief may not do so in his reply brief."  *Miccosukee Tribe of Indians of Fla. v. Cypress*, 814 F.3d 1202, 1211–12 (11th Cir. 2015).  In any event, Kimball is wrong.  The district court clearly relied on the section 3553(a) factors to deny his compassionate release motion.  Like the district court explained, Kimball's "history and characteristics," *see* 18 U.S.C. § 3553(a)(1)—his "ten prior felony convictions" and three violations of his supervised release—required a sentence of no less than 70 months to "promote respect for the law" and "act as a deterrent," *see id.* § 3553(a)(2)(A)–(B).